UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN MONROE POLK,<br><br>        Plaintiff,<br><br>    v.<br><br>DIANE GRAY, et al.,<br><br>        Defendant. | No. 2:15-cv-0471 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302. Before the court is plaintiff's motion for reconsideration of the April 22, 2015 order dismissing this action as duplicative of plaintiff's pending action in the Northern District of California. (ECF No. 9.)

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

1

In his complaint, plaintiff names three defendants: Stockton Parole Supervisor Diane Gray, Stockton Parole Agent Roy Lacy, and the Stockton Department of Justice.  (ECF No. 1.) Plaintiff argues that his claims against Gray and Lacy are not pending in the Northern District, because – though they were originally brought in that action – they were dismissed without prejudice for improper venue.  (ECF No. 9.)

In support, plaintiff has submitted a February 4, 2015 judicial order in the action Polk v. Todd, No. 14-cv-4375 KAW (N.D. Cal.).  The order indicates that, while Gray and Lacy were dismissed from that action with prejudice in November 2014 (see ECF No. 1 at 38), the order was subsequently vacated, and on February 4, 2015 they were dismissed "without prejudice to refiling a complaint against them in the proper venue."  (ECF No. 9 at 5-7.)  As the events giving rise to the claims occurred in Stockton, California, venue was determined to be proper in the Eastern District of California.  (Id.)  Accordingly, the court will grant plaintiff's motion for reconsideration.

Plaintiff has also requested leave to file an amended complaint.  (ECF No. 9.)  In an amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration and to amend the complaint (ECF No. 9) is granted;

2. The Clerk of Court shall re-open this case; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint. In the alternative, plaintiff may inform the court that he wishes to proceed on the complaint filed March 2, 2015, which the court will proceed to screen pursuant to 28 U.S.C. § 1915A(a).

Dated: May 19, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / polk0471.R60