UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN MONROE POLK, | No. 2:15-cv-0471 CKD P |
| Plaintiff, | |
| v. | ORDER |
| DIANE GRAY, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.[1]

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

---

[1] In its April 22, 2015 order dismissing this action as duplicative, the court did not address plaintiff's motion for in forma pauperis. (ECF No. 7.) As the case has since been re-opened (ECF No. 11), the court now grants that motion.

1

1  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
2  month's income credited to plaintiff's prison trust account.  These payments will be forwarded by
3  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
4  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
5  II. Screening Standard
6        The court is required to screen complaints brought by prisoners seeking relief against a
7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
10 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.
18       In order to avoid dismissal for failure to state a claim a complaint must contain more than
19 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
20 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
21 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
22 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
23 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
24 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
25 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
26 at 678. When considering whether a complaint states a claim upon which relief can be granted,
27 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
28 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

1  U.S. 232, 236 (1974).

2  III.  Plaintiff's Allegations

3      In his complaint, plaintiff names three defendants: Stockton Parole Supervisor Diane

4  Gray, Stockton Parole Agent Roy Lacy, and the Stockton Department of Justice.  (ECF No. 1.)

5  As recounted in this court's May 19, 2015 order:

6  > [P]laintiff has submitted a February 4, 2015 judicial order in the action Polk v. Todd, No. 14-cv-4375 KAW (N.D. Cal.).  The order indicates that, while Gray and Lacy were dismissed from that action with prejudice in November 2014 (see ECF No. 1 at 38), the order was subsequently vacated, and on February 4, 2015 they were dismissed "without prejudice to refiling a complaint against them in the proper venue."  (ECF No. 9 at 5-7.)  As the events giving rise to the claims occurred in Stockton, California, venue was determined to be proper in the Eastern District of California.  (Id.)

11  (ECF No. 11.)  Plaintiff filed the instant complaint on March 2, 2015, and subsequently affirmed

12  that he wished to proceed on this complaint.  (ECF No. 12.)

13      Plaintiff alleges as follows:

14      Plaintiff was imprisoned for a crime that occurred in 1985.  He was released from prison

15  in 2005.  One year prior to his release, his prison central file was sent to the parole department for

16  review, so that a parole agent could do a "cumulative case summary regarding the inmate's needs,

17  housing, employment, and guidelines for conditions of parole."  (ECF No. 1 at 5.)

18      Upon his 2005 release, plaintiff was met by defendant Parole Agent Lacy and taken to the

19  parole department, where they discussed his 1985 crime and the conditions of plaintiff's parole.

20  At that time, plaintiff learned that he had been incorrectly classified as a child molester due to an

21  error as to age of the victim, who was an adult and had a child with plaintiff.  Lacy spoke to his

22  supervisor (presumably, defendant Gray), who told him to call the Justice Department and have

23  the error corrected.  Lacy attempted to have the error corrected, but did not succeed.

24      Based on his erroneous classification, plaintiff was placed in housing for registered sex

25  offenders, where he was subject to media attention and public protests for several months.

26  > I know for a fact that Stockton Parole Department Supervisor Diane Gray, Parole Agent Roy Lacy, and the Justice Department in Stockton, California intentionally, purposefully, recklessly, willfully, and wantonly put my life in danger by putting me on Megan's Law and the Internet as a child molester for millions of

> viewers to see when they knew for a fact that the victim was not a child. . . . This has been an ongoing problem that has never stop[ped] or been corrected.

(ECF No. 1 at 9.)[2]

In 2012, plaintiff was returned to CDCR custody, where he attempted to have his classification as a sex offender corrected. (See, e.g., id. at 14-15.) Based on the classification error, he could not have visitation privileges with his children, have contact with children, or be in places where children congregate. (Id. at 48.)

On September 29, 2014, plaintiff commenced an action against Gray[3], Lacy, plaintiff's prison counselor Creamer Todd, and CDCR, in the U.S. District Court for the Northern District of California. Polk v. Todd, supra. In February 2015, Gray and Lacy were dismissed from that action without prejudice to re-filing in the Eastern District, as noted above. The action is ongoing against defendant Todd. Id.

IV. Analysis

The question in this screening is whether plaintiff states due process claims against Lacy and/or Gray for his allegedly erroneous classification as a sex offender after he was paroled in 2005.

In Neal v. Shimoda, 131 F.3d 818, 827-28 (9th Cir. 1997), the Ninth Circuit held that the state's requirement that a prisoner complete a sex offender treatment program and confess to past sex offenses as a precondition for parole eligibility created a liberty interest protected by due process, triggering the Fourteenth Amendment's protections. See id. at 830 ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label *coupled with* the subjection of the targeted inmate to a mandatory treatment program whose completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.") (emphasis added). The "sex offender" label standing alone apparently would not have caused the

---

[2] For background, see ECF No. 1 at 35-36 (summary of plaintiff's claims in Polk v. Todd, No. 14-cv-4375 KAW (N.D. Cal.)). See also ECF No. 9 at 5 (plaintiff asserts his allegations against Lacy and Todd as set forth in Polk v. Todd were not accurate due to his fear of retaliation, and is allowed to re-file claims against Lacy and Todd in the Eastern District).

[3] Listed as "Diane Gary" in the Northern District action.

4

1 Neal court to recognize a liberty interest in remaining free from that classification.

2 The Neal court next considered what process was due to the inmates classified as sex
3 offenders, and whether plaintiffs received that process. Id. at 831. The court reasoned:

> An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial or plea agreement, has received the minimum protections required by due process. Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime.

Id. Here, plaintiff was not convicted of a sex offense against a minor in an "adversarial setting," and so cannot be said to have "received the minimal protections required by due process" on that basis. His allegations that he was mislabeled a child molester and suffered the consequences while on parole (e.g., housing restrictions, public protests) may be a basis for a federal due process claim, putting aside the question of what protections were due under the circumstances.

However, his allegations fail to state a due process claim against either Gray or Lacy. To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743–744 (9th. Cir. 1978). There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978).

Plaintiff fails to causally link Gray or Lacy to a constitutional injury, as he has not alleged they were responsible for his erroneous classification or that they had the authority to change it. Megan's Law is administered by the California Department of Justice, which may have procedures available to correct erroneous information that do not necessarily involve a parole agent or official. See Megan's Law Disclaimer, at http://www.meganslaw.ca.gov/disclaimer.aspx?lang=ENGLISH (last accessed July 10, 2015) ("If you believe that any information on this site is in error, please contact a police or sheriff's department, or contact the Department of Justice by email at MegansLaw@doj.ca.gov.")

As to the Stockton Department of Justice, the court assumes plaintiff is referring to the

1    state-run parole agency, which is immune from suit under the doctrine of sovereign immunity.

2    The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against

3    a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

4    440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa,

5    682 F.2d 1344, 1349-50 (9th Cir. 1982).  The State of California has not consented to suit.  Thus

6    this claim must be dismissed.

7         Because it fails to state a claim against any defendant, plaintiff's complaint must be

8    dismissed.  However, plaintiff will have one opportunity to file an amended complaint.

9         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

10   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

11   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

12   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

13   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

14   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

15   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

16   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

17   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

19   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20   complaint be complete in itself without reference to any prior pleading.  This is because, as a

21   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25        In accordance with the above, IT IS HEREBY ORDERED that:

26        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

27        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

28   shall be collected and paid in accordance with this court's order to the Director of the California

1  Department of Corrections and Rehabilitation filed concurrently herewith.

2      3. Plaintiff's complaint is dismissed.

3      4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated: July 13, 2015

                                            _____
                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

2/polk0471.14.new